L. OPPLEMAN, INC. *v.* UNITED STATES (No. 4268)[1]

[1] C. A. D. 89

228

United States Court of Customs and Patent Appeals, January 4, 1940

*Tompkins & Tompkins* (*J. Stuart Tompkins* and *Allerton deC. Tompkins* of counsel) for appellant.

*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney, of counsel) for the United States.

[Oral argument December 4, 1939, by Mr. Allerton deC. Tompkins and Mr. Oliver]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, overruling a protest made by appellant in a suit to recover certain moneys assessed and collected as customs duties by the Collector of Customs at the port of New York.

The merchandise consists of bells which are referred to throughout the record as "bicycle bells." It was imported in 1936 and 1937. Classification was made under paragraph 364 of the Tariff Act of 1930 which reads:

PAR. 364. Bells (except church and similar bells and carillons), finished or unfinished, and parts thereof, 50 per centum ad valorem.

Duty was assessed at the rate of 70 per centum ad valorem (instead of 50 per centum ad valorem) upon the basis of a Presidential proclamation, T. D. 44998, 60 Treas. Dec. 21, dated June 24, 1931, issued under section 336, the flexible tariff provision of the Tariff Act of 1930, which proclamation reads in part as follows:

Now, therefore, I, Herbert Hoover, President of the United States of America, do hereby approve and proclaim an increase in the rate of duty expressly fixed in

paragraph 364 of Title 1 of said act on bicycle, velocipede, and similar bells, finished or unfinished, and parts thereof, from 50 per centum *ad valorem* to 70 per centum *ad valorem*, * * *.

The protest of the importer contains alternate claims, the claim finally relied upon being for classification under paragraph 371 of the act which reads:

Bicycles, and parts thereof, * * * 30 per centum ad valorem.

The protest challenges the validity of the Presidential proclamation, charging that it "was *ultra vires*, illegal and void." It contains other allegations, being a general pleading, but, in view of the specific matter relied upon before the trial court and before us, those allegations need not be stated in detail.

Section 336 of the Tariff Act of 1930 provides that in no case where the rates of duty are modified by the Presidential proclamation "shall the total increase or decrease of such rates of duty exceed 50 per centum of the rates expressly fixed by statute," and appellant's contention grows out of this provision, such contention being, in substance, that the proclamation had the effect of changing the classification of the merchandise and thereby imposed a rate in excess of 50 per centum of the rate expressly fixed by statute. In other words, appellant contends that the merchandise is properly classifiable as bicycle parts under paragraph 371, *supra*, which provides a rate of 30 per centum ad valorem and that, since the rate fixed in the proclamation is 70 per centum ad valorem, it exceeds the limit of increase permitted by the statute and hence is void. It is not disputed that the proclamation is valid and the assessment correct, if the merchandise is found to be properly classifiable under paragraph 364, *supra*. So, primarily the issue presented is merely one of classification.

It may be remarked that section 336 provides for "any necessary change in classification," and that appellant challenges the constitutionality of this provision. We do not find it necessary, or proper, under the facts of this case to pass upon the constitutional question so suggested. We assume, for the purposes of this case, that if a "change in classification" was made by the Presidential proclamation which resulted in an increase of the rate of duty, expressly fixed by statute, in excess of 50 per centum ad valorem of such statutory rate, the proclamation should be held invalid because violative of the statutory limitation.

It will be noted that the proclamation itself treated the merchandise as being classifiable under paragraph 364, *supra*, and an examination of the report of the Tariff Commission upon which the proclamation was based discloses that it was there so treated.

Paragraph 120 of the 1913 tariff act provided for "Bicycles, motor cycles, and finished parts thereof * * *," and it appears that an importation of "push bells" under that act was classified by the

collector under that paragraph. That act did not contain an *eo nomine* provision for bells such as paragraph 364, *supra*. That appeared for the first time in the Tariff Act of 1930. The importer protested the classification and the Board of General Appraisers (now the United States Customs Court) in a decision rendered March 12, 1915, sustained the protest, holding that they were not parts within the meaning of the paragraph but "rather accessories or adjuncts thereof," dutiable as manufactures of metal. *Mead Cycle Co. et al.* v. *United States*, T. D. 35223, G. A. 7700, 28 Treas. Dec. 389.

Under the Tariff Act of 1922, which contained no provision such as paragraph 364, *supra*, bicycle bells and horns were held to be accessories rather than parts and dutiable at 40 per centum ad valorem under paragraph 399 of that act rather than under paragraph 371, prototype of paragraph 371 of the 1930 act, *supra*. See Summary of Tariff Information 1929, Vol. 1, p. 805.

So, it appears that at the time of the issuance of the Presidential proclamation here challenged, all the judicial decisions which, presumably, were followed in administrative practice, were to the effect that bicycle bells were not parts of bicycles.

Paragraph 364, as has been stated, was new in the Tariff Act of 1930, and an examination of the history of the act shows that it was inserted by the Senate as an amendment to the House bill and subsequently agreed to by the House.

The report of the Senate committee filed with the Senate in connection with this amendment contains the following statement:

Paragraph 364.—Bells

The exception of church bells and carillons from the provisions of the paragraph is intended to limit its application to metal bells of common commercial usage such as *bicycle bells*, doorbells, annunciators, and gongs. Carillons are specially provided for in paragraph 1541, whereas church bells are not now specially provided for but are covered by the provision of paragraph 398 for manufactures of metal not specially provided for. [Italics ours.]

In contending for classification under paragraph 371, *supra*, appellant relies, in part at least, upon the fact that a number of states (the State of New York being particularly mentioned, Government counsel having conceded the law of that State) require bicycles to be equipped with bells or some other device by which warning may be given of the approach of the rider. It is argued that if a part is essential to the legal use of an article, it should be classified for tariff purposes as a part of such article, and the case of *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T. D. 41434, is cited and relied upon. This court there affirmed the decision of the trial tribunal, holding automobile lamps and automobile horns to be parts of automobiles, and, as such, classifiable under paragraph 369 of the Tariff Act of 1922 rather than under the "manufactures of metal, not specially provided for" provision of paragraph 399 of that act.

While reference was there made to the legal requirements for such equipment, a careful reading of the decision will disclose that it did not rest upon this factor, although we said, "* * * we find no fault with that part of the board's opinion indicating that it was influenced in its decision in determining that they were parts of automobiles by the fact that the law required the use of horns and lamps on automobiles."

The *Mead Cycle Co.* case, *supra*, was there distinguished as follows:

The difference in the manner of operating a bicycle and an automobile, and the results growing out of their inefficient operation are so different that it is at once apparent that the decision in the Mead case has little, if any, bearing on the facts at hand.

Appellant also relies upon a stipulation which was entered into by counsel at the trial. This is quoted in the decision of the trial court as follows:

Mr. FITZGIBBON: I will concede that they (the imported bells) are parts of bicycles if Mr. Tompkins will concede that makes them bicycle bells, and then we will have only the question of whether the President was within his authority. [Words in parenthesis ours.]

Mr. TOMPKINS: I am willing to stipulate that fact. * * *

So far as the foregoing stipulation is one of fact, it may be taken as binding upon the courts, but the question of law as to the proper classification of the merchandise for tariff purposes is one which, it is well understood, must be determined by the courts independent of the stipulation, or in the light of its factual statements, and not by stipulation as to the law. *H. A. Whitacre, Inc.* v. *United States*, 22 C. C. P. A. (Customs) 623, T. D. 47615. This legal principle obviously was recognized by counsel for the parties in the instant case.

Counsel for appellant also present the question of relative specificity and argue that, since *bicycle* bells are not provided for *eo nomine* in paragraph 364, *supra*, the bells at issue here, because of their use, are more specifically provided for in paragraph 371, *supra*.

In the light of the judicial and legislative history which has been recited above, we think this contention does not require extensive consideration. By the judicial decisions recited, bicycle bells have been uniformly excluded from provisions for parts of bicycles in different tariff acts ever since 1915, and they were held classifiable as manufactures of metal up until the adoption of paragraph 364, *supra*, in the Tariff Act of 1930, which is for bells generally with certain exceptions. It is, of course, broad enough to include bicycle bells and we regard as of greatest significance, in connection with the question of legislative intent, the positive statement in the report of the Senate Committee above quoted, showing definitely that they were intended to be included in paragraph 364, *supra*. All other

matters aside, this statement alone is quite conclusive as to the intent of Congress.

Accordingly, we find that there was no change in the classification fixed by the statute, either in the report of the Tariff Commission or in the Presidential proclamation increasing the rate of duty, and since the rate of increase was within the statutory limit, the contentions on behalf of appellant are not well taken.

The judgment of the United States Customs Court is *affirmed*.

LENROOT, J., concurs in the conclusion.